UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Amelia Brown,** *on behalf of herself and others similarly situated*,

    **Plaintiff,**

v.

**Contactability.com LLC,**

    **Defendant.**

Case No. 2:20-cv-4817

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Amelia Brown ("Plaintiff") sued Contactability.com LLC ("Defendant") for unpaid overtime wages and other relief under the Fair Labor Standards Act ("FLSA") and analogous state law claims. Compl., ECF No. 1. The Complaint asserts a collective action under the FLSA and class action claims under Federal Rule of Civil Procedure 23. *Id.* The Court has conditionally certified the FLSA class but has not certified the Rule 23 class. *See* ECF No. 16. The parties have now filed a joint motion for approval of settlement, in which they purport to settle the lawsuit. ECF Nos. 34.

Parties may not settle FLSA claims without court approval, *see Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011), which courts are routinely able to do on a joint motion, like the one the parties filed here. *See, e.g.,* Case Nos. 20-cv-3062; 20-cv-4232.

Settlements of Rule 23 class claims, however, require a more involved process. *See* Fed. R. Civ. P. 23(e). This is true even where, as here, the Rule 23 class has not yet been certified. *See Doe v. Lexington-Fayette Urb. Cty. Gov't*, 407 F.3d 755, 764 (6th Cir. 2005) ("Rule 23(e) applies in a precertification context where putative class members are likely to be prejudiced."); *Kutner v. Sprint Commc'ns Co., L.P.*, No. 96-2534 GV, 1997 WL 471502, at *1 (W.D. Tenn. Mar. 20, 1997) ("Despite the fact that the court has not yet certified a class in this action, Rule 23(e) applies to the present situation.").

Perhaps to avoid the procedures required by Rule 23(e), many parties in FLSA cases will settle the FLSA claims and then dismiss, rather than settle, the Rule 23 state-law claims. Here, however, the parties appear to *settle* all claims, including the Rule 23 claims. *See* Settlement Agreement 1, ECF No. 34-1 ("[T]he parties engaged in mediation which resulted in a settlement of this lawsuit."). Additionally, throughout the Settlement Agreement, the parties appear to treat both the FLSA and Rule 23 claims in the same way, whether using the words "settle," "dismiss," "release," or some other term. *See generally, id.*

In the interest of judicial economy, the Court wishes to clarify the parties' intent. Therefore, if the parties would prefer to settle only the FLSA claims of opt-in Plaintiffs and dismiss all Rule 23 claims, they are **ORDERED** to submit a revised settlement agreement **WITHIN THIRTY DAYS**. In the alternative, if the parties want to settle all claims and proceed with the Rule 23(e) procedures, they are **ORDERED** to submit a joint notice outlining the same, as well as their

proposed class definition and request for a fairness hearing, **WITHIN THIRTY DAYS**.

Finally, in the Settlement Agreement, Plaintiff purports to release any possible claim she may have against Defendant under the Age Discrimination in Employment Act of 1967 ("ADEA"). Settlement Agreement ¶ 5, ECF No. 34-1. It appears that this release may not comply with some of the various requirements of the ADEA and the Older Workers Benefit Protection Act, as explained in *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422 (1998). If the parties keep the ADEA waiver in their Settlement Agreement, they are directed to explain—with citations to legal authority—how the waiver satisfies the statutory requirements or, if it does not, why the Court may nonetheless properly approve the Settlement Agreement.

For the above reasons, the parties' joint motion is **DENIED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to terminate ECF No. 41.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**